1   Joseph Miner
    PO Box 11650
2   Costa Mesa, CA 92627
    Telephone: (949) 903-5051; Fax: (949) 646-2794
3   Email Address: josephminer@gmail.com

**FILED**

**NOV 0 6 2025**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT CALIFORNIA
BY:_____ Deputy Clerk

4           self-represented (pro se)

5

6

7

8               UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA

9                   BK# 6:25-bk-15478-RB

10  JOSEPH MINER, an individual,        | Action No. _____

11          Plaintiff,                  | Honorable Magdalena Reyes Bordeaux

12          vs.                         | United States Bankruptcy Judge

13  KEVIN O. SOMERVILLE and,            | ADVERSARY COMPLAINT
    MRS. SOMERVILLE, as                 | §548, §523 (a)(2), §523(a)(6), State claims
14  individuals,                        | [BENCH TRIAL DEMAND]

15          Defendants.                 | Declaration of Joseph Miner

16                                      | Hearing Date: None
                                        | Due by: November 9, 2025
17

18  TO THE HONORABLE COURT:

19          Plaintiff JOSEPH MINER, pro per, complains against defendants

20  KEVIN O. SOMERVILLE ("SOMERVILLE" )and MRS. SOMERVILLE

21  ("MRS. SOMERVILLE") who's full legal name will be determined through

22  discovery. Plaintiff alleges as follows:

23                      JURISDICTION AND VENUE

24      1.   This Court has jurisdiction over this adversary proceeding pursuant

25  to 28 U.S.C. §§ 1334 and 157(b)(2)(I) as a core proceeding arising under Title

26  11 of the United States Code.

27      2.   This Court has supplemental jurisdiction over state law claims

28  pursuant to 28 U.S.C. § 1367.

WP DK7P6U.UFBOST                        -1-

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding arises in the bankruptcy case pending in this Court.

4.   Defendant SOMERVILLE filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 5, 2025, Case No. 6:25-bk-15478-RB.

PARTIES

5.   Plaintiff JOSEPH MINER is an individual residing in Orange County, California, and is a creditor of defendant KEVIN O. SOMERVILLE.

6.   Defendant SOMERVILLE is an individual and the debtor in the above-referenced Chapter 7 bankruptcy case. SOMERVILLE resides in the State of California, County of San Bernardino.

7.   Defendant MRS. SOMERVILLE is an individual also residing in the County of San Bernardino, and is the legal wife of defendant SOMERVILLE pursuant to statements made under oath in the recorded 341a hearing on September 9, 2025.

SOMERVILLE HISTORY

8.   Defendant Somerville began evading debt and filing for bankruptcy protection as early as 1999. Two worn, self-help, bankruptcy primers, were found among his trash after his recent eviction from 41939 Briarwood Ave, Hemet, CA. These are evidence of his long-standing familiarity with bankruptcy proceedings.

9.   Somerville has filed for bankruptcy nine times and has been legally evicted from rental properties at least five times. Public records indicate a recurring pattern wherein evictions are followed by bankruptcy filings.

10. Somerville's conduct follows a destructive cycle: overspending, purchasing luxuries and vacations, wastefulness, eviction, filing bankruptcy, and repetition of the same. On information and belief, his credit and housing

contracts have been induced by fraudulent representations. Somerville is exploiting bankruptcy law's intent rather than rehabilitating his finances and his life. He repetitively victimizes creditors by attempting to exploit the law.

FACTUAL ALLEGATIONS

The Fraudulent Rental Application

11. Around June 4, 2018, Defendant applied to rent the residential property at 41939 Briarwood Ave, Hemet, CA. During an oral interview and after signing the rental application - witnessed by Plaintiff - he paid required fees and entered into a rental agreement.

12. In both oral discussions and on his written application, Defendant falsely represented that he had never been evicted from any rental property.

13. Defendant also falsely stated on the application that he had no legal cases filed against him in the past 24 months.

14. In truth, Somerville had been evicted approximately five times prior to his application, including at least one within the past 24 months. Legal cases had also been filed against him during that period.

15. Somerville knew his representations were false when made.

16. These misrepresentations were material to Plaintiff's decision to enter the lease.

17. Plaintiff reasonably relied on them in approving the rental.

18. Had Plaintiff known Somerville's sour eviction and litigation history, Plaintiff would not have rented the $300,000 property to Defendant.

The Rental Agreement and Breach

19. Defendant consistently paid rent late, breached lease terms, and failed to maintain the property. His two faced behavior was disruptive, uncontrollable and caused financial harm to Plainiff.

20. Beginning in March 2024, Defendant failed to pay rent as required.

In an email, he stated he had returned from Costa Rica and would pay late. He promised to pay February and March rent but failed to do so.

21. Despite inquiries, Somerville claimed the March rent was "in the mail"—it was never received. A 3-Day Notice was served on May 3, 2024. Plaintiff retained counsel and filed an unlawful detainer action on June 4, 2024.

22. At the unlawful detainer trial on September 4, 2024, Somerville admitted to encouraging other tenants not to pay rent. (conspiracy)

23. Plaintiff obtained a $9,000 judgment for unpaid rent. The court rejected Somerville's habitability defense. He did not appeal.

24. As of June 1, 2024, Somerville remained four months in arrears.
Diversion of Funds to Second Landlord

25. While failing to pay rent, Somerville diverted funds to RIM Properties LLC, signing a lease on June 24, 2024, for a property in Hesperia, CA - while Hemet, CA eviction proceedings were pending.

26. Somerville physically moved out of Plaintiff's premises around July 1, 2024, but remained in possession until October 9, 2024, holding the abandoned property for three months. This deliberate delay caused unnecessary repair delays, financial hardship, and additional financial loss.
Diversion of Funds to Costa Rica

27. During the same period, Somerville diverted funds to his girlfriend in Costa Rica instead of paying rent.

28. Emails confirm he traveled frequently to Costa Rica for luxury purposes and planned to bring her to the U.S.

29. At the 341(a) hearing, under oath, Somerville admitted diverting at least $600/month to his girlfriend for over a year, totaling $7,200 for her rent alone.

30. On information and belief, he also paid travel, legal, and K1 visa

fees for her and her son - totaling over $20,000.

31. These transfers were made with intent to hinder, delay, and defraud Plaintiff and other creditors.

32. Mrs. Somerville received the funds knowing or having reason to know of Somerville's United States rental obligations.

Malicious Conduct and Property Damage

33. After lockout on October 9, 2024, Plaintiff discovered severe property damage: removal of the water heater, overwhelming filth, and massive trash accumulation. Months were needed for the rebuild.

34. Somerville abandoned an 80-pound pitbull at the property for three months during summer, often without water – a malicious act that further prevented recovery. Letters were written. Someone for Somerville responded and stated the dog was not abandoned, yet no one lived at the home. When Defendant finally vacated his last possessions, he gave the dog away to neighbors across the street!

35. Plaintiff spent over $10,000 to repair the damage.

36. Plaintiff lost significant rental income due to the extended holdover and repair period. The property was not re-rented until early 2025. The 2025 rental rate exceeded $2100 per month.

37. Plaintiff attempted to recover additional damages via a small claims action, but Somerville evaded service and skipped town.

Unlawful Detainer Judgment and Damages

38. The $9,527 unlawful detainer judgment did not include holdover rent following judgment, repair costs, lost rent, or other significant damages.

39. Plaintiff's total non-dischargeable damages, including the judgment and additional losses exceed $30,000. Damage amounts will be proven.

40. These debts arise from fraud, willful, and malicious conduct, and are non-dischargeable under 11 U.S.C. § 523(a)(2)(B) and § 523(a)(6).

## COUNT I
## NON-DISCHARGEABILITY - FRAUD
### (11 U.S.C. § 523(a)(2)(A))

41. Plaintiff incorporates by reference all preceding allegations.

42. Defendant SOMERVILLE obtained the rental agreement through false pretenses, false representations, and actual fraud.

43. Defendant SOMERVILLE made material false representations regarding his eviction history and legal proceedings.

44. Defendant SOMERVILLE made these representations with knowledge of their falsity and with intent to deceive Plaintiff.

45. Plaintiff justifiably relied on these false representations to his detriment.

46. As a result of Defendant SOMERVILLE's fraud, Plaintiff suffered damages in an amount exceeding $30,000, to be proven at trial.

47. Pursuant to 11 U.S.C. § 523(a)(2)(A), the debt owed by Defendant SOMERVILLE to Plaintiff is non-dischargeable in bankruptcy.

## COUNT II
## NON-DISCHARGEABILITY - WILLFUL AND MALICIOUS INJURY
### (11 U.S.C. § 523(a)(6))

48. Plaintiff incorporates by reference all preceding allegations.

49. Defendant SOMERVILLE willfully and maliciously injured Plaintiff's property and economic interests.

50. Defendant SOMERVILLE's conduct included: (a) intentionally withholding rent payments; (b) maliciously holding the property to prevent re-rental; (c) damaging and destroying the rental property; and (d) conspiring with other tenants against Plaintiff's interests.

51. Defendant SOMERVILLE's conduct was intentional and without justification.

52. As a result of defendant SOMERVILLE's willful and malicious

conduct, Plaintiff suffered damages in the total amount of $30,000 or more.

53. Pursuant to 11 U.S.C. § 523(a)(6), the debt owed by defendant SOMERVILLE to Plaintiff is non-dischargeable in bankruptcy.

## COUNT III
## FRAUDULENT TRANSFER
### (11 U.S.C. § 548)

54. Plaintiff incorporates by reference all preceding allegations.

55. Defendant SOMERVILLE admitted transferring approximately $7,200 to defendant MRS. SOMERVILLE in Costa Rica within two years prior to filing bankruptcy. The total amount transferred is unknown.

56. These transfers were made with actual intent to hinder, delay, or defraud Plaintiff and other creditors.

57. Alternatively, these transfers were made for less than reasonably equivalent value while defendant SOMERVILLE was insolvent or became insolvent as a result of the transfers.

58. Defendant MRS. SOMERVILLE was the initial transferee or immediate or mediate transferee of these fraudulent transfers.

59. Pursuant to 11 U.S.C. § 548, Plaintiff is entitled to recover the fraudulently transferred funds from Defendants.

## COUNT IV
## INTENTIONAL MISREPRESENTATION
### (California Civil Code § 1709)

60. Plaintiff incorporates by reference all preceding allegations.

61. Defendant SOMERVILLE intentionally misrepresented material facts regarding his eviction history and legal proceedings.

62. Defendant SOMERVILLE knew these representations were false when made.

63. Defendant SOMERVILLE intended that Plaintiff rely on these false

1  representations.

2      64. Plaintiff justifiably relied on these representations and suffered

3  damages as a proximate result.

4      65. Defendant SOMERVILLE's conduct was malicious, oppressive, and

5  fraudulent, entitling Plaintiff to punitive damages.

6

7                          COUNT V
                FRAUDULENT TRANSFER - STATE LAW
8                  (California Civil Code § 3439 et seq.)

9      66. Plaintiff incorporates by reference all preceding allegations.

10     67. Defendant SOMERVILLE made transfers totaling approximately

11 $7,200 to Defendant MRS. SOMERVILLE with actual intent to hinder, delay,

12 or defraud creditors.

13     68. Alternatively, these transfers were made without receiving

14 reasonably equivalent value while defendant SOMERVILLE was insolvent.

15     69. Defendant MRS. SOMERVILLE received these transfers knowing

16 or having reason to know of defendant SOMERVILLE's intent to defraud

17 creditors.

18     70. Plaintiff is entitled to recover these fraudulently transferred funds

19 from both Defendants.

20

21                          COUNT VI
                      UNJUST ENRICHMENT

22     71. Plaintiff incorporates by reference all preceding allegations.

23     72. Defendant MRS. SOMERVILLE received monetary benefits totaling

24 more than $7,200 that rightfully should have been paid to Plaintiff as rent.

25     73. Defendant MRS. SOMERVILLE's retention of these benefits would

26 be unjust under the circumstances.

27     74. Plaintiff is entitled to restitution from defendant MRS.

28 SOMERVILLE in the amount of the benefits received.

## COUNT VII
### CONVERSION

75. Plaintiff incorporates by reference all preceding allegations.

76. Defendant SOMERVILLE wrongfully converted, a water heater from the property. Defendant SOMERVILLE also wrongfully converted funds belonging to Plaintiff by diverting rent money for his personal use and transfer to defendant MRS. SOMERVILLE.

77. Plaintiff is entitled to damages for the conversion of these funds.

### SUMMATION

78. The complaint and evidence establishes a compelling narrative of fraud and malice. It provides a strong argument for non-dischargeability.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.   Enter judgment declaring that the debt owed by defendant SOMERVILLE to Plaintiff in the amount of at least $30,000 is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

B.   Enter judgment against defendant SOMERVILLE for damages in the amount of no less than $30,000;

C.   Enter judgment against Defendants for recovery of fraudulent transfers in the amount of $7,200;

D.   Award punitive damages against Defendant SOMERVILLE;

E.   Award pre-judgment and post-judgment interest;

F.   Award reasonable attorney's fees (if any) and costs; and

G.   Grant such other and further relief as the Court deems just and proper.

1

DEMAND FOR BENCH TRIAL

2

Plaintiff hereby demands a bench trial on all issues so triable.

3

4

Respectfully submitted,

5

6

Joseph Miner, pro se     Date: 11/6/25

7

8

VERIFICATION

9

I, JOSEPH MINER, declare under penalty of perjury under the laws of

10

the United States that I have read the foregoing Complaint and that the facts

11

alleged therein are true and correct to the best of my knowledge, information,

12

and belief.

13

14

Executed on November 6, 2025.

15

16

Joseph Miner, pro se     Date: 11/6/25

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF JOSEPH MINER

I Joseph Miner declare,

    1.   I state the following facts and history of my own personal knowledge and if called, I can and would testify competently thereto.

    2.   Except where stated in this declaration upon information and belief, the facts set forth in this declaration are known to me personally, and, if called and sworn as a witness in a court of law, I could and would competently testify to such facts. As for those facts stated upon information and belief, I believe in good faith that they are true.

    3.   My name is Joseph Miner. I am over the age of eighteen (18).

    4.   I am a licensed California real estate broker (#01214541, 29 yrs) and a California licensed certified general appraiser (#AG018937, 30 yrs) in the State of California. I am licensed by the state to estimate construction, repair, and building costs and establish reasonable repair procedures. I have also been a multiple property landlord for 30+ years giving me hands on experience and knowledge of costs and construction.

    I declare, under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration and certification is executed this 6th day of November 2025, in the County of Orange, State of California.

Joseph Miner, pro se    Date: 11/6/25

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>JOSEPH MINER | **DEFENDANTS**<br>KEVIN O. SOMERVILLE<br>MRS. SOMERVILLE |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SELF REPRESENTED | **ATTORNEYS** (If Known)<br>SELF REPRESENTED |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
ADVERSARY COMPLAINT REGARDING DISCHARABILITY,

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 30,000 OR PROVEN AT TRIAL |

Other Relief Sought
FEDERAL AND STATE CLAIMS AGAINST DEFENDANTS.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**KEVIN O. SOMERVILLE** | BANKRUPTCY CASE NO.<br>**6:25-BK-15478-RB** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL DISTRICT** | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>**JOSPEH MINER** | DEFENDANT<br>**KEVIN O. SOMERVILLE**<br>**MRS. SOMERVILLE** | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>**CENTRAL DISTRICT** | DIVISION OFFICE<br>**RIVERSIDE** | NAME OF JUDGE<br>**BORDEAUX** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| *Joseph M——* | |
| DATE<br>**NOVEMBER 6, 2025** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**JOSEPH MINER** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.